BELL TELEPHONE CO. v. DETHARDING.

(Circuit Court of Appeals, Seventh Circuit. October 2, 1906.)

No. 1,246.

1. WRIT OF ERROR—REVIEW—REFUSAL TO GRANT NEW TRIAL.

Under the practice of the federal courts, error cannot be assigned on the refusal to grant a new trial.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, § 741.]

2. MASTER AND SERVANT—INJURY OF SERVANT—ASSUMED RISK.

Plaintiff's intestate was employed by defendant telephone company as a "trouble finder," and was sent by his superior, in the line of his duty, to ascertain the cause of the failure of a telephone to work properly,

which was unknown. In climbing a cable pole his hand came in contact with a guy wire, from which he received an electric shock, which caused him to fall, and he was killed. From the effects of a storm on the previous night, or from some other cause not shown, the telephone wires leading from the pole had sagged across electric light wires, and had become heavily charged with electricity, and also charged the guy wire. *Held,* that the risk from such danger was one known to and assumed by plaintiff's intestate as one necessarily incidental to his employment, and that there could be no recovery from defendant for his death.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 550.]

In Error to the Circuit Court of the United States for the Eastern District of Illinois.

On May 26, 1904, the "wire chief" of plaintiff in error received word at his office in East St. Louis that certain of the telephones served by the company's drop lines leading to the Metropolitan Building, situate at the northwest corner of Fifth street and Missouri avenue, in that city, were out of order. Intestate of defendant in error, who was at the time in the service of the plaintiff in error as a so-called "trouble man," was sent by the wire chief to what was known as the "cable pole," located in the vicinity of the service complained of, to open the line, and discover whether the trouble lay between the cable pole and the office, or between the cable pole and the disabled telephone. He proceeded to the cable pole, and began to climb it. As he laid hold of a guy wire affixed to the cable pole at the distance of about 10 feet from the ground, he was seen to shudder and fall to the sidewalk, striking upon and fracturing his skull, from the effects of which he died shortly after. To recover the statutory amount for wrongfully causing his death, this suit was brought. The accident resulted from the sagging of the drop lines (which were originally constructed so as to run over and across certain electric light lines carrying a current of high voltage) down upon the latter in such a manner as to charge the drop lines, and through them, by means of certain so-called "bridle lines" upon the cable pole, the said guy wire with a high degree of voltage. It does not appear that either of the parties knew of the condition existing in the said guy wire at the time. From the evidence it appears that the cable pole is wrapped with wire, commencing about 18 inches from the ground, and extending upward to about 6 feet. Fastened around the pole, and in contact with this wrapping of wire, was a peanut stand, so arranged as to form a circuit medium from the wire to the ground. A man standing upon the wire and grasping the guy wire formed a complete circuit.

The first declaration of defendant in error contained two counts. The first charged that it was the duty of plaintiff in error to so equip and maintain its poles and wires and guy wire that it would be reasonably safe to work about them, and that, while using due care, decedent of defendant in error was ascending one of the poles, and came in contact with the guy wire. The second charges that while acting under the express orders and direction, with all due care, he was ascending one of its poles, and his hand came in contact with the guy wire.

To these counts plaintiff in error filed a demurrer, which was confessed, and an amended declaration substituted. This contains one count, which charges plaintiff in error with negligence in constructing and maintaining its said wires over and across the said electric light wires, in such a manner as to permit their contact with said light wires, and thereby to become charged with a current of high voltage and communicate it to said guy wire, whereby, while acting under instructions, the intestate of defendant in error was killed. To this declaration plaintiff in error filed a plea of not guilty, and also, by leave of court, a plea of the statute of limitations, alleging that the amended declaration set out a new cause of action, and that the statutory period for bringing suit had elapsed. To this latter plea defendant in error filed a general replication, which was demurred to, and the demurrer overruled. The cause then went to hearing upon the plea of not guilty, and a verdict for $5,000

was given, upon which judgment was entered. At the close of the evidence for defendant in error, plaintiff in error moved the court to instruct for it, which was denied. The same motion was denied at the conclusion of all the evidence. Among other matters, the court instructed the jury that "the plaintiff has charged in his amended declaration, in effect, that the defendant failed to use ordinary care in the erection and maintenance of its telephone pole and drop wires entering the Metropolitan Building, in consequence of which such drop wires came in contact with an electric wire, and thereby became charged, and conducted such charge of electricity to the guy wire in question, whereby the deceased was shocked and killed"; and in another part of the instructions told the jury: "And if you further believe from the evidence that the said crossed wires was not one of the ordinary hazards assumed by the deceased in his employment, * * * then the jury will find the issues in favor of the plaintiff"; both of which instructions were excepted to by plaintiff in error.

The errors assigned, so far as material here, are: First. The overruling of the demurrer to the replication to the plea of statute of limitations. Second, third, and fourth. The refusal of the court to take the case from the jury. Fifth and sixth. The aforesaid clauses from the court's instructions. Seventh. The refusal of the court to grant a new trial.

Amos C. Miller, for plaintiff in error.

B. H. Canby, for defendant in error.

Before BAKER, SEAMAN, and KOHLSAAT, Circuit Judges.

After stating the foregoing facts, KOHLSAAT, Circuit Judge, delivered the opinion of the court:

Under the practice of the federal court, no error can be assigned upon the refusal of the court to grant a new trial. Addington v. United States, 165 U. S. 184, 17 Sup. Ct. 288, 41 L. Ed. 679; Blitz v. United States, 153 U. S. 308, 312, 14 Sup. Ct. 924, 38 L. Ed. 725; Waterhouse v. Rock Island Alaska Min. Co., 97 Fed. 466, 477, 38 C. C. A. 281.

The sole ground of action set up is that the telephone company was negligent in the construction and maintenance of its wires over and across the electric light wires, whereby the guy wire became charged with a dangerous current, causing the death complained of. Unless the fact that the wire sagged down upon the electric light wires establishes negligence in construction and maintenance thereof, there is nothing in the record sustaining the charge of negligence. On the other hand, it appears that there was a storm of considerable violence on the evening preceding the discovery of defects in the telephone service. The fact that the failure in the telephone service followed this atmospheric disturbance fairly justifies the inference that the wires were properly maintained up to that evening. It is shown that they had been in position for a number of weeks without complaint being made.

It is the theory of defendant in error that the wires had been gradually sagging, for want of proper construction, for a considerable time, and on this night came down upon the electric light wires. This is mere conjecture. The record discloses no evidence upon which the jury could base such a finding. Moreover, decedent of defendant in error was charged as one skilled in the business with the duty of ascertaining the cause of the interruption of telephone service. He was seeking the very trouble which killed him. He knew there was something wrong, and that the business was very dangerous. He knew he could

protect himself by the use of rubber gloves, and that such precaution was usual. There were no representations, made to him that anything about the premises was safe. The crossed wires were not easily discernible. Nobody knew what was the matter. Nor is any lack of diligence on the part of defendant below shown. The danger came clearly within those assumed by him when he entered upon the occupation of "trouble finder" for plaintiff in error. Such being the case, no recovery can be had (Tuttle v. Detroit G. H. & M. Ry. Co., 122 U. S. 189, 7 Sup. Ct. 1166, 30 L. Ed. 1114; Northern Pacific R. R. Co. v. Herbert, 116 U. S. 655, 6 Sup. Ct. 590, 29 L. Ed. 755; District of Columbia v. McElligott, 117 U. S. 621, 6 Sup. Ct. 884, 29 L. Ed. 946). and the motion to take the case from the jury should have been granted. The amended narr. does not in our judgment present such a departure from the cause of action assigned in the original declaration as to make it a new cause of action. In view of the foregoing, it becomes unnecessary to pass upon the other errors assigned by plaintiff in error. The judgment is reversed, and the cause remanded for a new trial.