## BELZONI HARDWOOD LUMBER CO. *v.* LANGFORD.

[89 South. 919. No. 22108.]

1. MASTER AND SERVANT. *.Injury to employer held actionable, though not employed for work done.*

    The employer is liable for negligent injury to an invitee or to an employee of another department who is negligently injured while at a place where he had a right to be, or where he habitually served with sanction of employer, though not employed for that particular work.

2. DEATH. *Damages for husband's death allowable regardless of wife's conduct.*

    In a suit by the wife for death of her husband it is error to instruct the jury that the marital relations, or misconduct of the wife at the time and prior to husband's death, should be considered by the jury in estimating the amount of damages, because her conduct could not affect amount due her as "damages to the decedent" expressly allowed by statute.

3. DEATH. *One thousand five hundred dollars damages inadequate.*

    A judgment for one thousand five hundred dollars as damages for the wrongful death of a person thirty-five years of age, earning four dollars per day, is grossly inadequate.

APPEAL from circuit court of Humphreys county.

HON. S. F. DAVIS, Judge.

Action by Mrs. Nellie Langford against the Belzoni Hardwood Lumber Company. From the judgment defendant appeals directly, and plaintiff cross-appeals. Affirmed on direct appeal; reversed and remanded on cross-appeal.

*J. W. Cashin,* for appellant.

I confidently assert that the judgment in this case should be reversed and judgment rendered in this court in favor of the appellant, because at the time Langford received the injuries which resulted in his death, he was not acting within the scope of his employment, and was a mere volunteer. See 18 R. C. L. 580; 26 Cyc, 1088; 20 Am. & Eng.

Enc. of L. 149; *Gulfport Traction Co.* v. *Faulk,* 118 Miss. 894. By an instruction shown on page 24, given for the plaintiff, the jury were instructed that if it was proven to the satisfaction of the jury that Ernest Langford, when he received the injuries producing his death, was engaged in an employment, other than that for which he was specifically employed by the defendant, still if the negligence of the defendant in any measure contributed to the death of Ernest Langford, the plaintiff was entitled to recover.

An examination of the record in this case, which I am going to take the liberty of asking the court to read, will show that the cause of action declared on was for injuries produced by the negligent running and operation of a locomotive and train of cars. The case upon which plaintiff was permitted to recover was that the flat car from which the timber fell and struck and killed Langford was not a proper car to be used in such services, and that the furnishing of such a car constituted negligence in not furnishing Langford a safe place in which to work. In other words, the appellee was permitted to declare upon one cause of action, and recover upon another, which is contrary to the law, as I understand it.

Now, as to the amount of damages, the appellee complained that the damages awarded by the jury are inadequate. No motion was made for a new trial by appellee on this account, and consequently under the decision of this court in *Coccora* v. *Vicksburg Light & Traction Co.,* 89 So. 257, this objection cannot be availed of by appellee unless some error or misdirection of the court to the jury probably resulted in appellee being awarded less damages than she would have been awarded but for said error. Complaint is made in the brief of cross-appellee, of the admission of the testimony of Mr. and Mrs. Toney in reference to the facts of the appellee having introduced to them in Memphis, a short time before the death of Langford, another man as her husband.

The jury were fully and adequately instructed as to the measure of damages to which the plaintiff below was en-

titled, if any.　Of course, she was not entitled to recover any damages, whatever, if she were not the wife of Langford at the time of his death.　The defendant gave notice under its plea of general issue that it would prove that plaintiff below was not the wife of Langford at the time of his death.　In this view the testimony of Mr. and Mrs. Toney about which complaint is made in the brief of appellee, was entirely competent: First, to impeach the testimony of plaintiff below to the effect that about a month or so before the death of Langford, they were in correspondence looking to a reconciliation, when in truth, and in fact, at that time, she was running around the streets of Memphis, on excursions boats and on the midway with another man whom she was introducing as her husband. It may have been that this man was in fact her husband at the time of the death of Langford.　There are forty-eight states and about two thousand counties in the United States in which a divorce could have been secured by the appellee, and it was impossible for the appellant to show by the records of all these courts that appellee and her husband Langford, had or had not been divorced or that she had or had not married this Italian musician, Pasaquimini, whom she was introducing as her husband.

It was shown by the testimony that Langford had contributed nothing to the support of his wife in four or five years, and that there was no probability of his contributing anything to her support had he lived.　This being the case, it was certainly competent to show this fact, so that the jury might take it into consideration, in estimating the amount of damages to be awarded if any.　By an instruction shown on page 26 of the record, the jury were instructed that if they should find for the plaintiff, it was their duty to award such damages as they might determine from the evidence to be just, taking into consideration all damages of any kind to the plaintiff, as shown by the evidence.　The same instruction is again repeated on page 28 or 141 of the record, and by an instruction shown on page 29 or 142, the jury were authorized to inflict punitive dam-

ages, so, if there were any error in the instruction given for the appellant instructing the jury that they might consider the marital relations existing between the appellee and her deceased husband, that error was cured by the ample and complete instruction on the question of damages given for the plaintiff in the court below.

By an instruction shown on page 19 or 133 of the record, the jury were instructed that the wife can recover for all damages sustained as shown by the evidence for the injury and death of her husband, whether they be living together or not, at the time of said injury if such injury and death were caused by the negligent operation of a locomotive or engine of cars on tracks. By an instruction shown on page 20 or 134 of the transcript, the jury were instructed that the right of the wife to recover damages for the death of her husband is based on the legal duty resting on the husband to support his wife, and this duty is not divested by a separation or by living apart from each other, nor is it divested by his failure to contribute to his wife's support, and she is entitled to recover pecuniary damages for a negligent death based upon his legal obligation to support her.

In *Clisby* v. *Railroad Company*, 78 Miss. 937, it is said: "Although some of the instructions submitted, when taken separately, do not cover all the questions involved, error is not predicable of the giving of the same when, taken as a whole, they state the law on all the points in issue. In *Y. & M. V. R. R. Co.* v. *Hardy*, 88 Miss. 732: the instruc- tions for plaintiff and defendant should always be con- strued together, and if, when considered as a whole, the law is fairly given, a verdict should not be vacated because one of them when considered alone, may be subject to criticism.

In *Hitt* v. *Terry*, 92 Miss. 671: the instructions on any point must be taken as a whole, and the law deduced from all instructions on the same point so construed, taken as a unit.

In *Cumberland & T. Co.,* 95 Miss. 79 : All the instructions given in any case must be construed together so as to harmonize them if reasonably it can be done.

I respectfully submit that the judgment below should be reversed on direct appeal and a judgment rendered in this court for the appellant under the authority of *Gulfport Traction Co.* v. *Faulk,* 118 Miss. 894.

*T. F. Jones, Jesse D. Jones, Fulton Thompson* and *R. H. & J. H. Thompson,* for cross-appellant.

The plaintiff's husband, Earnest D. Langford, was an employee and servant of the appellant at Belzoni in November, 1919; while in the service of that company he was injured and died in a sanitorium at Yazoo City, Mississippi, as a result of said injuries a few days afterwards. The plaintiff, now cross-appellant, being the widow and sole heir of the decedent, brought this suit in the circuit court of Humphreys county against the company for damages resulting from her husband's death and recovered judgment for one thousand five hundred dollars from which the defendant, the lumber company, has appealed to this court. Our client, Mrs. Langford, feeling aggrieved at the small amount of her recovery, has prosecuted a cross-appeal. She seeks an affirmance of the circuit court judgment adjudging the defendant in the court below liable to her but demands its reversal only as to the damages awarded her by the jury and the award of a new trial to determine alone the proper damages that should be awarded her. Cross-appellant failed to make a motion in the trial court for a new trial because the verdict of the jury was for an inadequate amount, and we recognize the full force of the recent decision of this court in the case of *Coccora* v. *Vicksburg, etc., Co.,* 89 So. 275. Of course, we understand that to maintain the cross-appeal we will have to point out reversible error to our client's prejudice on the subject of damages and show that such error was calculated to and probably did cause the jury to award less

damages than would have been awarded had such errors not been committed by the circuit court.

The verdict of the jury and the judgment of the circuit court, so far as the cross-appeal is concerned, conclusively establish that the defendant below, appellant and cross-appellee here, is liable to our client, Mrs. Langford, plaintiff below, for all damages resulting from the death of her husband, which by statute is authorized to be recovered in such cases.

By statute, Code 1906, section 721, as amended Laws of Mississippi 1914, p. 280, ch. 214, it is provided that in suits for the death of a person, the plaintiff, if entitled to recover shall recover such damages as the jury may determine to be just, taking into consideration: (a) "All the damages of every kind to the decedent;" (b) all damages of every kind to any and all parties interested in the suit."

We call the court's attention particularly to the two separate and distinct elements of the damage authorized by the statute.

Upon the trial of the case the defendant was permitted to prove by a witness, Toney, over plaintiff's objections, that Mrs. Langford, the plaintiff, told the witness, a year before the death of her husband, that she had married another man and introduced the other man as her husband. And another witness a Mrs. Toney was permitted to swear to the same alleged facts. It does not appear from the record that plaintiff objected to Mrs. Toney's testimony on that subject, but as her attorneys had no objection to Mr. Toney so testifying and the objection had been overruled, it was not required of plaintiff to make a second objection to the same testimony, although delivered by another witness. *Cook* v. *State,* 81 Miss. 146.

The object of the testimony to which plaintiff objected was to diminish the amount of her recovery. We say this because two facts were uncontradictedly shown and were not contested on the trial. They were, first, that the plaintiff was the widow and sole heir of the decedent, had married him, had lived with him as his wife before the implied

imaginary marriage to another man and had never been divorced from decedent; and, second, that plaintiff was living separate and apart from her husband, the deceased, at the time he was killed. It would not have been error had the court either assumed in an instruction that these two facts were true, or instructed the jury that they were true.

In this state of the record, was the testimony admissible for any purpose? The authorities do not seem to be entirely harmonious on the question. We submit the question to the court, but will not elaborately discuss it in this writing because it seems to be unnecessary for the court to determine it in this case, for the reason that the court by its instruction erroneously given for the defendant authorized the jury to make an improper and illegal use of the testimony. What we have to say on the question will be found near the end of this brief.

The testimony of Toney and his wife certainly did not even tend to diminish one of the elements of damage which the verdict shows plaintiff was authorized to recover. The statute authorized her to recover; if entitled to any recovery, all the damages of every kind to decedent. How the damage to the decedent resulting from defendant's wrongs could have been diminished or enlarged by the words or conduct of plaintiff, is beyond comprehension. The words and conduct of plaintiff could not in any way either narrow or extend the statute or diminish or enlarge the damage to the decedent. And yet, the court below instructed the jury for defendant that in estimating the amount, to be awarded plaintiff, they should take into consideration the marital relations existing between Langford (the decedent) and the plaintiff at the time of his death and prior thereto.

This instruction, it will be noted, distinctly recognized, and properly did so, that the plaintiff was the wife of the decedent at the time of his death. Its error consists in this, it authorized and directed the jury to consider the marital relations existing between plaintiff and her deceased husband in estimating the damage to be awarded

plaintiff as satisfaction of all damages of every kind to the decedent; it did not limit a consideration of the marital relations, to the determination of the damages to the plaintiff, the only party interested in the suit.

· The jury were told to consider the marital relations upon every subject pertaining to damages. The terms marital relations, as used in the instruction comprehended more than the fact that decedent and plaintiff were husband and wife. Not one jury in ten thousand would so limit its terms. It is manifest that the instruction was asked to give emphasis and force to Torey's testimony and to induce the jury to award smaller damages because of the supposed facts to which he testified. Had the instruction been limited to the damages suffered by plaintiff personally it would be more difficult to show that it was erroneously given, but since it was not so limited its error seems to us to be manifest.

Many old statutes authorizing suits for the death of a person fixed a penalty to be recovered. Our statute substitutes for a fixed penalty all damages of every kind to the decedent.

If our statute had authorized the recovery, of say one thousand dollars and all damages of every kind to any and all parties interested in the suit, it would be too plain for dispute that the words and conduct of the plaintiff or other parties in interest could not diminish or enlarge the one thousand dollars penalty, and it seems equally plain that such words and conduct cannot effect the damages to the decedent. Damages to the decedent do not fall short of being a penalty.

The instruction given defendant is to some extent subject to the same objection as the one upon which we have commented, but does not so clearly authorize the jury to consider the marital relations of the parties in determining the damages to the decedent. The asking by defendant of both of these instructions indicates that defendant was experimenting with the trial court and got more than was expected.

The want of fidelity of a husband to his wife does not diminish his obligations to support and maintain her and should not be considered in estimating damages for the loss of support and maintenance. The instruction was erroneously given defendant as well as for reasons hereinbefore given, because it authorized a decrease of damages resulting from plaintiff's loss of the obligations of her husband to support and maintain her.

It is sure that no rule should be adopted in such cases which excludes the chances of reformation and future proper conduct by the husband. The instruction was erroneous because it excludes all consideration of reformation. A wife who loves her husband, notwithstanding his misconduct, cannot be said not to be aggrieved by his death. The instruction ignores this fact.

We earnestly ask a new trial on the measure of damages only.

HOLDEN, J., delivered the opinion of the court.

The appellee, Mrs. Nellie Langford, recovered a judgment of one thousand five hundred dollars against the appellant as damages for the death of her husband, who was killed while in the employment of appellant, from which judgment the appellant directly appeals, and the appellee cross-appeals.

Langford, the husband of appellee, was employed by the appellant Hardwood Lumber Company as a log loader; was earning four dollars per day, and was thirty-five years of age. The appellant operated a sawmill at Belzoni for the manufacture of hardwood lumber. It owned a tract of timber land some miles out on the east side of the Yazoo river, from which it obtained its logs to be sawed at its sawmill. It would send its logging train out into the woods daily, where the logs were loaded upon the flat cars and transported back to the mill. The deceased was employed to load logs upon the cars with a log loader machine. He would go out on the train daily and return with it to the mill when the cars were loaded with logs. On the

day of his fatal injury he had started out on the logging train when the crew of the train stopped to pick up a flat car loaded with square bridge timbers to take out on the logging line for repair purposes. He assisted the train crew in switching the car of square timbers onto the main line by a method known as "poling" the car, so that the engine could couple to it and take it with the train. While assisting the crew in "poling" or switching this car of timber into the train, or immediately after the "poling" of the car had been done, and while Langford was standing near the car, one of the heavy timbers fell from the top of the car, striking him upon the head and killing him.

The testimony in the record shows that the car was improperly and negligently loaded with the heavy square timbers, and that the timber fell when the car was jarred by the engine, or shortly thereafter, because of the negligent manner of its loading without standards, braces, or any means of holding the timber upon the car. There is scant room for dispute as to the evidence showing negligence on the part of the appellant which caused the death of Langford.

On direct appeal the appellant urges reversal on the ground that Langford was killed while acting as a volunteer in assisting to switch the car into the train; that he was not acting within the scope of his employment because he was employed as a log loader, and not employed in the moving or switching of the train when he was killed, and therefore there is no liability of appellant, because it owed him no duty except to not willfully injure him.

But this contention of appellant can avail nothing; for the reason that the evidence in the record clearly shows that Langford had the right to ride upon the train in going to his work, and therefore had a right to be at the place where he was killed; and, even though he was acting outside of his employment at the time, still he was, at least, an invitee toward whom the appellant should have used reasonable care not to injure, and should not have invited him into a situation which was not a reasonably safe place.

Furthermore, the testimony shows that Langford had

habitually and daily assisted the train crew in switching the cars in and about the train, and had assisted in doing any other necessary thing so as to aid in getting the train out into the woods and back to the mill. This daily train service by Langford was with the knowledge and sanction of the officers of appellant; consequently it will not do for appellant to contend that it owed no duty to use reasonable care to prevent injury to Langford. Therefore the lower court did not err in refusing a peremptory instruction for appellant, and the judgment of the lower court on direct appeal is affirmed as to liability.

The cross-appellant, Mrs. Langford, complains that the amount of damages assessed is grossly inadequate and seeks a reversal as to the amount of damages only. The cross-appellee opposes this contention on the ground that no motion for a new trial was made in the lower court, and that therefore complaint as to the amount of damages cannot be made now. The position of cross-appellee in this regard is well taken, and would settle the cross-point raised if that were all that cross-appellant relied upon. *Coccora* v. *Vicksburg Co.,* 89 So. 257.

But it is urged by cross-appellant that the court erred in its ruling with reference to the measure of damages in its instructions to the jury and in erroneously admitting certain evidence which influenced the jury to render a verdict for an inadequate amount. The court permitted the cross-appellee, lumber company, to show that Mrs. Langford had been separated from her husband for several years prior to his death, and that she on one occasion in Memphis had introduced to the witness a man whom she said was her husband. The court also instructed the jury, which is claimed to be error and damaging to cross-appellant, that:

"In estimating the amount of damages to be awarded plaintiff they should take into consideration the marital relations existing between Langford (the decedent) and the plaintiff at the time of his death and prior thereto"— and it is contended that this testimony submitted to the jury, together with the said instruction, resulted in serious

injury to the cross-appellant's case with reference to the amount of damages recoverable in the case. It is unnecessary for us to decide whether or not the testimony complained of was admissible, because we are convinced that the granting of the instruction was error, and, considered in connection with the testimony, undoubtedly prejudiced the rights of the cross-appellant with reference to the amount of damages that should have been assessed by the jury. We are led to this view on the reasoning that the statute provides for the recovery of "all damages of every kind to the decedent." Certainly the fact, if it were a fact, that Mrs. Langford was guilty of misconduct in any way as a wife could not alter the amount of "damages to the decedent;" since her conduct could not affect her right to recover "all damages of every kind to the decedent" as expressly provided by the statute. So, she being the wife, the law gives to her the "damages to the decedent," regardless of "the marital relations existing between the parties at the time of his death and prior thereto." The instruction ingeniously points at the conduct of the wife, and tells the jury to take her conduct into consideration in fixing the amount of damages. This was not correct as to the damages due for the death of the husband.

We do not say that the conduct of the wife, or the strained relations existing between a man and his wife, might not affect the right to recover for some of the elements of damages that are allowed under the statute in such cases. However, we decide nothing in this regard, as it is unnecessary to go further than announced above in order to reverse on cross-appeal. The judgment of one thousand five hundred dollars is grossly inadequate.

The judgment on cross-appeal as to the amount of damages is reversed, and the cause remanded for a new trial on the question of the amount of damages only. Affirmed on direct appeal.

Affirmed on direct appeal; reversed and remanded on cross-appeal.

*Affirmed on direct appeal.*
*Reversed and remanded on cross-appeal.*