Waterman-Fouke Lumber Co. *et al. v.* Miles.*

(Division A. April 14, 1924.)

[99 So. 759. No. 23860.]

1. COMPROMISE AND SETTLEMENT. *Release. Torts. Tort-feasors jointly and severally liable; settlement in full of one joint tort-feasor discharges both; release of one joint tort-feasor held not to discharge both.*

Under the principle that joint tort-feasors being both jointly and severally liable, a compromise and settlement in full with one discharges both. *Held*, that the following release by one joint tort-feasor did not discharge both:

"I, for myself, my heirs, executors, administrators and assigns, do hereby release and forever discharge Mississippi & Western Ry. Company of and from all claims or demands, actions, or causes of action in law or in equity from any matter, cause or thing whatsoever prior to the date hereof, and on account of personal injuries, and all other loss or damage (including loss of or damage to the property of the undersigned) resulting or to result from an accident to me which occurred on, or about the 16th day of February, 1922."

2. MASTER AND SERVANT. *Railroad not liable for injury to track foreman by defect which he was required to repair.*

A railroad track foreman, whose duty it was to repair the railroad track constituting the section over which he was foreman, received an injury caused by the defective condition of a part of said track, while passing over it in the car used by himself and his section crew in going to another part of said track for the purpose of repairing the latter. *Held*, the railroad company not liable under the principle that a servant whose duty is to repair defective ways, means, and appliances of the master will not be heard to complain of an injury received on account of such defects.

---

*Headnote 1.   Accord and Satisfaction, 1 C. J., section 30;   Negligence, 29 Cyc, p. 565;   Release, 34 Cyc, p. 1088.   2.   Master and Servant, 26 Cyc, p. 1148.

APPEAL from circuit court of Jasper county, Second District.

HON. W. L. CRANFORD, Judge.

Action by W. V. Miles against the Waterman-Fouke Lumber Company and others. From a judgment for plaintiff, defendants appeal. Reversed and remanded.

*J. A. McFarland* and *Deavours & Hilbun,* for appellants.

I.   The lower court erred in sustaining the demurrer of appellee to the special plea of accord and satisfaction filed by the appellant Waterman-Fouke Lumber Company. This plea states that on the 23d day of June A. D., 1922, the Mississippi & Western Railroad Company paid to the plaintiff and the plaintiff accepted of it the sum of two hundred and two dollars and fifty cents in full settlement, satisfaction and discharge of the grievances mentioned. While the payment was made by the Mississippi & Western Railroad Company, yet it was made and received by appellee, as stated in the plea, in full satisfaction and compensation for all the injuries suffered.

For the purpose of the demurrer the allegations of the plea are taken as true. *Smith* v. *State,* 101 Miss. 853, 58 So. 539. The rule announced by our court is well stated by Judge Truly in *Bailey* v. *Delta Electric Light Company,* 86 Miss. 634, 38 So. 354.

The plea does not set out the case of an agreement not to sue one joint tort-feasor. But it sets out a payment made and accepted in full settlement, satisfaction and discharge for the injuries inflicted. There is, of course, a marked distinction between an agreement not to sue one joint tortfeasor and in a settlement made by one joint-tortfeasor where it is clearly and manifestly the intention of the parties that the settlement shall be full compensation for all the injuries suffered. This case, as the plea states, and these statements must be taken as true, is a case where the amount was paid and accepted in full settlement, satisfaction and compensation for all injuries suffered by appellee on account of the accident.

II.   Instruction number one given for the plaintiff was erroneous. Plaintiff's counsel lost sight altogether of the law applicable to the case, growing out of the nature of the employment of the plaintiff and growing out of the duty that devolved on the plaintiff. It is to be remembered that the plaintiff was a foreman and was employed for the express purpose and business of keeping the track in repair. That was exactly the duty that devolved

on the plaintiff.  It is absurd to say that an employer must furnish a safe track for the employee to go over when that very employee's duty is to keep the track in repair.  If the law is, as announced in this instruction, for the plaintiff, then it would be clear impossibility for an employer ever to protect himself against the claim of a track foreman because of a defect in the track.

The very fact that repairs must be made, protects the employer against the defect for which repairs are being made.  The very purpose of making repairs is to cure defects.  So when this instruction announces that the employer must furnish to the employee (the plaintiff) a safe track, when it is the duty of the plaintiff himself as foreman to repair the track and to keep it in good condition, it states a proposition that is not only not sound in law but at which every prompting of good morals revolts.

*Pack & Pack,* for appellee.

Appellants first contend that the court erred in sustaining the demurrer of appellee to the special plea of Waterman-Fouke Lumber Company.  We are in accord, on the proposition that if there are two or more joint tortfeasors, and plaintiff accepts a certain sum in full compensation for the injury sustained, all are released.  We respectfully submit that this release nowhere recited that Miles accepted the sum of two hundred and two dollars and fifty dollars as full compensation for his injury.  It does recite that for the said sum he was to ''release and forever discharge the Mississippi and Western Railway Company of and from all claims or demands, actions, or causes of action,'' etc.

This, we contend, amounts to nothing more than a covenant not to sue.  There is no proposition of law that seems to be any better settled than that partial satisfaction made by one tort-feasor, which is not intended as a settlement in full for the injury and which is not received as full compensation, does not release the other tort-

feasor, but at most entitled the latter to a credit upon the amount of damages awarded against him. *Bailey* v. *Delta Electric Light Company,* 86 Miss. 634, 38 So. 354; *Bogdahn, et al.,* v. *Pascagoula Street Railway & Power Company,* 79 So. 844; *Louisville & Evansville Mail Company* v. *Barnes,* 64 L. R. A. 574.

II. *The court did not err in granting instruction number one for plaintiff.* This instruction of course must be considered in the light of the testimony in the record. At the time of the injury or a short time prior thereto, appellee was directed by Walker to do certain work on the railroad track. His job generally was to keep up the track of the saw mill company from the mill to the woods, a different track altogether from the one on which he was injured. He was carrying out the specific order of Walker at the time of the injury.

Appellee had been upon the track, had worked but a few days, acting under the direct orders and doing work at the particular place and doing the particular kind of work, namely; taking out rotten ties, and putting in new ones under the direction of Walker. Yet counsel would hold appellee accountable for the defective track. Surely he does not mean to contend that it was not the duty of appellants to furnish appellee a reasonably safe motor car, including a reasonably safe pulley thereon, and a reasonably safe belt to be used thereon. We respectfully submit that whether or not appellants failed in these respects and as to whether or not such failure was negligence, proximately causing appellee's injury, were all questions for the jury and this instruction submits the same for its decision.

In conclusion, we earnestly insist that there has been no error of law committed by the trial court.

Argued orally by *Henry Hilbun,* for appellants, and *W. J. Pack,* for appellee.

ANDERSON, J., delivered the opinion of the court.

Appellee, W. V. Miles, recovered a judgment in the circuit court of Jasper county against appellants, Waterman-Fouke Lumber Company and Mississippi & Western Railroad Company, for personal injuries received by him while in the employ of appellants as a railroad track foreman, which injuries he alleged were caused by the wrong of the appellants, from which judgment appellants prosecute this appeal.

Appellee was injured by falling overboard from the motor car used by himself and his crew in their track repair work. Said motor car had coasted to the bottom of a hill, where it reached a level, and it became necessary for the power to be reapplied so as keep it moving. Appellee, who was standing up on the car, took hold of the lever and pushed it forward for the purpose of throwing the power on, when he lost his balance, fell overboard and the car ran over him seriously injuring him. Appellee alleged in his declaration and undertook to prove that his injury was caused by defective pulleys on the engine and motor car, and a defective belt used on said pulleys, and because the pulley on the motor car was without flanges which were necessary to hold the belt in place on said pulley, and because of a defective railroad track on which said car was running at the time of the injuries. To appellee's declaration both of appellants pleaded the general issue, and appellant Mississippi & Western Railroad Company filed a plea of accord and satisfaction, stating in substance that it had paid appellee the sum of two hundred and two dollars and fifty cents in full settlement, satisfaction, and discharge of said injuries and attached to its plea a copy of a written release executed by appellee evidencing said settlement. Likewise appellant Waterman-Fouke Lumber Company filed a plea of accord and satisfaction stating in substance that appellant the Mississippi & Western Railroad Company had paid appellee the sum of two hundred and two dollars and fifty cents in full settlement, satisfaction, and discharge of all the damages growing out of the injuries received by appellee. To the plea of accord and satisfaction filed

by appellant Mississippi & Western Railroad Company appellee filed a replication alleging that the said release filed as an exhibit to said special plea was procured by fraud and misrepresentation, setting out of what the fraud consisted. To the special plea of appellant Waterman-Fouke Lumber Company appellee filed a demurrer, which was sustained by the court.

The questions which we will discuss and decide in the order stated are: First, did the court err in sustaining appellee's demurrer to the plea of accord and satisfaction of appellant Waterman-Fouke Lumber Company? Second, did the court err by virtue of instructing the jury that it was the duty of appellants to furnish appellee a reasonably safe track upon which to operate the motor car used in the performance of his duties?

Appellant Waterman-Fouke Lumber Company relies upon the principle that, joint tort-feasors being both jointly and severally liable, a compromise and settlement in full with one for the injury complained of discharges both. On the other hand, appellee contends that the compromise settlement made with appellant Mississippi & Western Railroad Company was only a partial settlement and under the authority of the case of *Bailey* v. *Delta Electric Light Co.,* 86 Miss. 634, 38 So. 354, he is entitled to proceed against the other joint tort-feasor, the Waterman-Fouke Lumber Company, in order to recover full satisfaction for his injuries. It was held in the case referred to that in order for a release of one joint tort-feasor to have the effect of releasing the other joint tort-feasor "the satisfaction received by the party injured must be intended to be and accepted as full compensation for all injuries inflicted." There is no controversy between the parties as to that legal principle. The question simply is whether or not the release in question was in full satisfaction and discharge of all injuries and damages suffered by appellee. The determination of the question depends on the language of the release itself the pertinent part of which follows:

"I, for myself, my heirs, executors, administrators and assigns, do hereby release and forever discharge Mississippi & Western Ry. Company of and from all claims or demands, actions, or causes of action in law or in equity from any matter, cause or thing whatsoever prior to the date hereof, and on account of personal injuries, and all other loss or damage (including loss of or damage to the property of the undersigned) resulting or to result from an accident to me which occurred on, or about, the 16th day of February, 1922."

*Bailey* v. *Delta Electric Light Co.*, 86 Miss. 634, 38 So. 354, is decisive of this question in favor of appellee. It was only undertaken by said release to acquit and discharge appellant Mississippi & Western Railway Company from all claims or demands of appellee for the injury complained of. There was no attempt to acquit in consideration of full satisfaction for said injury. In other words, it is a release of appellant Mississippi & Western Railway Company from all liability for the injury, but it is not an acquittance in full satisfaction of the injury. We are therefore of opinion that the court did not err in sustaining appellee's demurrer to said special plea.

The court gave the following instruction for the appellee:

"The court instructs the jury for the plaintiff that it was the duty of the defendants to furnish plaintiff with a reasonably safe motor car to be used in the work he was doing, and also to furnish a reasonably safe track for said motor car to run over and if you believe from the testimony that the defendants negligently permitted or ordered said motor car to be used with a defective pulley, if any, a defective belt, if it was defective, or to be run over a defective track, if any, and because of such defects, if any, or any of them, plaintiff was injured, it will be your sworn duty to find for him; provided you shall further believe from the testimony that the defendants knew about such defects, if any, or by the exercise of ordinary care should have known of them."

Appellants contend that appellee under the law cannot found any claim for the injuries he received upon the ground that such injuries were caused by appellants' defective railroad track, upon the principle that it was the duty of appellee under his employment to remedy the very defective ways which caused his injury. In *Cumberland Tel. Co.* v. *Cosnahan,* 105 Miss. 615, 62 So. 824, it was held that—"A servant put to work to repair a defective appliance cannot be heard to complain of its being defective inasmuch as that very thing is the cause of his being there and he undertook to set it right, being paid for the risk he ran and voluntarily incurring it"—citing 1 Labatt's Master & Servant, section 268; 2 Bailey On Personal Injuries, 1192; *Bell Tel. Co.* v. *Detharding,* 148 Fed. 371, 78 C. C. A. 185.

Appellee, however, contends that that principle has no application to the facts of this case, because although appellee was engaged in the employment of putting appellants' railroad track in repair, nevertheless he was not engaged in repairing the identical defective piece of track that caused the injury. The evidence shows that appellee when injured was passing over this defective piece of track going to other parts of appellants' track which it was thought was more defective, for the purpose of repairing the same. Appellee argues that the principle above referred to has no application, except to a case where the servant is at the time of the injury caused by the defective way, tool, or appliance actually engaged in repairing that particular way, tool, or appliance. He would separate the railroad track into different parts and deny liability where the servant is injured by a separate piece of defective track not at the time being repaired by the servant, and only hold the master liable where the injury is caused by the piece of defective track then being repaired by the servant.

We cannot give our assent to that view. Such a principle in the first place would be very difficult of application to many cases which might arise. The track which ap-

pellee was employed to repair is to be treated as an entirety, although only parts of it may have been defective. The evidence shows however that it was defective as a whole, and appellee was employed to repair such defects, and we hold that appellee cannot recover for the injury received on account of such defects, regardless of whether he was at the time engaged in mending that particular section of the track which caused the injury or not. Such defects are simply one of the assumed hazards of the employment.

We decide no other questions in the case. The record of the case is so defective that we find much difficulty in deciding the other questions argued. We therefore leave them open to await the result of another trial. If there were other errors committed it may be that there will not be a recurrence of the same upon another trial.

The opinion handed down in the case on a former day will be expunged from the record and the above opinion substituted therefor.

*Suggestion of error overruled and case reversed and remanded.*