### NORTON v. STANDARD OIL CO. et al.

(Division A. Jan. 11, 1937. Suggestion of Error Overruled, Feb. 22, 1937.)

[171 So. 691. No. 32487.]

Jas. **A. Cunningham,** of Booneville, for appellant.

**Lyell & Lyell,** of Jackson, for appellees.

762

Argued orally by **Jas. A. Cunningham,** for appellant, and by **G. G. Lyell,** for appellee.

**McGowen, J.,** delivered the opinion of the court.

W. W. Norton, the appellant, an experienced carpenter, was employed by Chester Gossin, agent of the appellee, the Standard Oil Company, to construct a garage and warehouse in Baldwyn, Miss. It can be stated that Gossin was the alter ego of the appellee, the Standard Oil Company, as to the events of this case. On October 8, 1935, Norton was engaged as a carpenter in that work. Bartlett, a defendant in the court below and operator of his own motortruck, on the afternoon of that day, delivered, on the order of appellee's agent, a load of lumber, about one thousand feet of cypress, to be used in constructing a door to the building. Norton, with Lassiter and Cole, also carpenters, was standing on a trestle bench or horse, nailing a strip of lumber across the top of the door to the building. The trestle bench was a plank about fourteen feet long and twelve inches wide, with legs made of lumber nailed to the plank about two feet from either end thereof, and were braced with lumber forming about a forty-five degree angle. It was safely and properly constructed. Bartlett, the truck driver, backed his truck under and very near one end of the trestle bench, whereupon the appellant and the other carpenters descended from the bench, which was movable and rested on a concrete base, and proceeded to assist the driver in unloading the lumber. When the unloading was about half completed, Gossin ordered the three carpenters to return to their work, which they did; and the jury were warranted in finding from the

evidence that he did so. While the carpenters were engaged in the nailing of a strip of lumber across the door of the building, a particular piece of work which required them to look up and work with their faces and hands elevated, suddenly, without warning, the motor-truck moved quickly forward and the appellant and the other carpenters were thrown violently to the ground. Norton attempted to brace himself from falling by holding on to a piece of timber, but it gave way and he fell to the ground and was injured.

There is evidence tending to show that Gossin, appellee's agent, was standing near the truck while the lumber was being unloaded and when the bench was pulled over. There is some evidence that he was engaged in sorting some of it and stacking it very close to the truck and to the bench. The carpenters all testified in this case that they had no warning or intimation that Bartlett was about to move the truck, and that after having been ordered to resume their work, they relied upon Gossin to warn them. In fact, they testified that they were looking upward at the piece of lumber they were nailing, with their hands elevated in so doing, and that they could not watch out for themselves and do their work at the same time.

Bartlett delivered the lumber from the lumber plant as a public drayman; he was not in the employ of the lumber company or of the appellant company. He testified that he knew that his truck, which had ''a cotton body thereon with standards on the side,'' was very close to the top and sides of the trestle bench, and that in driving out, he might have turned too far to the right and thereby overturned the bench. A witness offered the theory that when the load of lumber was removed, the springs of the truck moved upward and caught in the crosspieces or braces of the bench, and thereby caused it to fall down.

At the conclusion of the evidence, the court below sus-

tained the motion of the Standard Oil Company to exclude the evidence of the plaintiff and grant it a peremptory instruction. A mistrial was ordered as to Bartlett and the case as to him was continued.

On appeal here, it is the contention of the appellant that the court erred in granting the peremptory instruction, and that the question of negligence was for the decision of the jury.

The appellee contends that the work was that of the construction of a building in which Norton, an experienced carpenter, was engaged; that he knew the situation there as well as its agent, Gossin, and that because of the shifting changes in the construction of the building the master was under no duty to warn the appellant under such circumstances, that Norton knew of the danger and peril to him with reference to the position of the truck as well as the master, through its agent, could know.

We think the facts above stated demonstrate that the court below erred in granting the peremptory instruction to the appellee, and that a case was made out to be passed upon by the jury. As to whether or not Gossin was negligent in not providing for a warning to these carpenters who had obeyed his order and proceeded to work elevated in the manner we have heretofore described, the driver of the truck and the master were aware of the proximity of the truck to the top plank and braces of such trestle bench, the carpenters having descended from the bench to a place of safety and having helped unload in part the lumber from the truck in order to get back to their work when Gossin, the master's agent, ordered them to return to their work and although the agent did not say to them verbally, "I will watch out and give warning before the truck is removed," we think, under these circumstances, appellee was clearly charged with that duty.

It is the nondelegable duty of the master to exercise

reasonable care to provide and maintain a safe place for his servant to work. See Oil Mill Co. v. Ellis, 72 Miss. 191, 17 So. 214; Gulf Refining Co. v. Ferrell, 165 Miss. 296, 147 So. 476; Murry Chevrolet Co. v. Cotton et al., 169 Miss. 521, 152 So. 657; Coast Ship Co. v. Yeager, 120 Miss. 152, 81 So. 797; Yazoo & M. V. R. Co. v. Smith, 150 Miss. 882, 117 So. 339. The servants were in a place of safety in the case at bar; they had taken the precaution to descend from the trestle bench. The master ordered them to return knowing of the position of the truck. It was then the duty of the master, through its agent, to exercise reasonable care to warn the men of a change in that situation as to the position of the truck. If the jury should find that a reasonably prudent man should have foreseen the movement of the truck without warning, the movement of which might reasonably be expected to bring about some injury, then there would be liability. The master, through its agent, in the case at bar assumed direct control of the men and of the situation. We think this case falls clearly within the principle announced in the cases of Gulf Refining Co. v. Ferrell, Coast Ship Co. v. Yeager, and Yazoo & M. V. R. Co. v. Smith, supra.

This case is clearly distinguished from the City of Tupelo v. Payne (Miss.), 168 So. 283. The servant Payne therein was engaged in the construction of a building where he was general handy man, where the scene was constantly changing, and where he was free to act upon his own judgment in the removal of lumber, and wherein he was injured by the fall of studding, knocked loose at top by a carpenter, after his, Payne's, removal of the lumber which supported it—practically the same situation as if one helping him in removing the lumber had dropped a piece upon him and injured him. The master was under no duty to warn, because the servant knew as much of the changing situation there as did the master. We do not think the facts of the case are within the

following cases urged by counsel: Bradford Construction Co. v. Heflin, 88 Miss. 314, 42 So. 174, 12 L. R. A. (N. S.) 1040, 8 Ann. Cas. 1077; Lagrone v. Mobile & O. R. Co., 67 Miss. 592, 7 So. 432; Givens v. Southern Ry. Co., 94 Miss. 830, 855, 49 So. 180, 22 L. R. A. (N. S.) 971; Harper v. Public Service Corporation, 170 Miss. 39, 154 So. 266 (citing 4 Labatt, Master & Servant (2 Ed.), pp. 4314-4316); City of Tupelo v. Payne (Miss.), 168 So. 283; Restatement of Agency, secs. 475, 479, 480; Barron Motor Co. v. Bass, 167 Miss. 786, 150 So. 202.

Reversed and remanded.