## GULF, M. & N. R. Co. *v.* BROWN.*

(Division B. May 24, 1926.)

[108 So. 503.  No. 25740.]

1. COMMERCE.
   Rights and obligations between employer engaged in interstate commerce and employee likewise engaged at time of injury are controlled by Federal Employers' Liability Act (U. S. Comp. St. sections 8657-8665).

2. MASTER AND SERVANT. *Rule requiring master to provide safe place is inapplicable where conditions relative to safety are constantly changing.*
   Rule requiring master to use ordinary care to provide safe place for servant to work is not applicable, where servant is employed in work of such nature that its progress is constantly changing conditions as regards increase or diminution of safety, as hazards thus arising are regarded as being ordinary dangers which are assumed by servant when he accepts employment.

3. MASTER AND SERVANT.
   Federal Employers' Liability Act (U. S. Comp. St., sections 8657-8665) abolished defense of assumption of risk only where there is violation of statute for employee's safety.

4. MASTER AND SERVANT.
   Where reasonably safe place to work doctrine applies, fellow-servant doctrine has no application because of rule that duty of master in that respect is nondelegable.

5. MASTER AND SERVANT.
   Employee must show that employer had either actual or constructive notice of unsafe place causing injury.

6. MASTER AND SERVANT. *Employer held not liable for injuries caused by unsafe place made in repairing wharf (Federal Employers' Liability Act [U. S. Comp. St. sections 8657-8665]).*
   In action under Federal Employers' Liability Act (U. S. Comp. St., sections 8657-8665) for injuries received while employee was engaged in repairing wharf, employer *held* entitled to directed

verdict, where it was shown that injuries resulted directly from defective repair construction in which employee was engaged.

*Corpus Juris-Cyc References: Commerce, 12CJ, p. 44, n. 10, 11. Master and Servant, 39CJ, p. 322, n. 33; p. 346, n. 37; p. 430, n. 92; p. 432, n. 93; p. 543, n. 36; p. 544, n. 39; p. 710, n. 43; p. 890, n. 75; p. 1157, n. 15. What employees deemed to be engaged in interstate commerce within meaning of Federal Employers' Liability Act, see notes 47 L. R. A. (N. S.) 52; L. R. A. 1915C, 56; 10 A. L. R. 1184; 14 A. L. R. 732; 24 A. L. R. 634; 29 A. L. R. 1207; 18 R. C. L., p. 851; 3 R. C. L. Supp. 860; 4 R. C. L. Supp. 1216; 5 R. C. L. Supp. 1007. Applicability of rule as to safe place to work where conditions of work are changing, see notes in 19 L. R. A. (N. S.) 340; 28 L. R. A. (N. S.) 1,267. 28 R. C. L., p. 595; 3 R. C. L. Supp., p. 828; 5 R. C. L. Supp., p. 993. Abrogation of defense of assumption of risk by Federal Employers' Lability Act, see note in 47 L. R. A. (N. S.) 62; L. R. A. 1915C, 69; 18 R. C. L., p., 830; 3 R. C. L. Supp., p. 856; 4 R. C. L. Supp. 1212; 5 R. C. L. Supp., p. 1004.

APPEAL from circuit court of George county.

HON. W. A. WHITE, Judge.

Suit under the Federal Employers' Liability Act by R. Brown against the Gulf, Mobile & Northern Railroad Company. Judgment for plaintiff, and defendant appeals. Reversed and judgment rendered.

Briefs filed for appellant by *Welch & Cooper* and for appellee by *O. F. Moss* and *Currie & Currie.*

ANDERSON, J., delivered the opinion of the court.

Appellee brought this action in the circuit court of George county against appellant, for an injury received by him as an employee of appellant while repairing one of appellant's wharves in the city of Mobile, Ala., and recovered a judgment of five hundred dollars, from which appellant prosecutes this appeal.

The suit was brought under the Federal Employers' Liability Act (U. S. Comp. St., sections 8657-8665). Appellant was engaged in interstate commerce, and appellee at the time of his injury was likewise employed. The

rights and obligations of the parties are therefore controlled by the Federal Employers' Liability Act.

Appellee was a member of one of appellant's bridge crews. At the time of his injury the bridge crew of which he was a member was engaged in repairing one of appellant's wharves at the port of Mobile. The wharf extended out into the water some distance. Appellant had two railroad tracks running out on this wharf. The wharf was provided by appellant for the unloading and loading of ship cargoes from and to appellant's cars. The wharves were constructed in the usual manner. The entire wharf was being repaired, including piers and decking. Appellee was not employed to do any particular part of the repairing. For a while he worked underneath the decking. At the time of his injury he was working on top of the decking. The decking is a floor on which appellant's tracks are laid. This floor is built of five-foot 3x9 timbers. One end of a piece of this decking when laid failed to catch onto the stringer as intended. The foreman in charge ordered appellee to roll a pier off of the wharf down into the water. While appellee was obeying this order he stepped on the piece of decking referred to near the end where it had failed to catch on the stringer. The result was his weight forced the other end of the decking up toward an upright position, thereby making a hole about 3x9 in size, through which his foot and leg went down, resulting in the physical injury for which he sued. Appellee was unaware that the piece of decking causing his injury had not caught on the stringer. As stated, it was his duty, and he had been engaged shortly before in repairing the decking as well as assisting in the general repair of the wharf.

Appellee's declaration, construed most strongly in his favor, sets out two grounds of recovery, namely, the failure on the part of appellant to furnish him a reasonably safe place to work, and the negligence of a fellow servant in laying the piece of decking in such a defective manner as to cause the injury.

The principal ground assigned and relied on for reversal is that the trial court should have granted appellant's request for a directed verdict. The question therefore is whether appellee's testimony made a case for the jury.

Appellant's position is that the obligation of the master to furnish his servant a reasonably safe place to work has no application to the facts of this case because appellee was employed, with others, to repair and make the very place safe, the unsafety of which caused his injury; that therefore he knew the place was unsafe and assumed the risk of such unsafety. The rule requiring the master to use ordinary care to provide a reasonably safe place for his servant to work is not applicable to a case in which the very work which the servant is employed to do is of such a nature that its progress is constantly changing the conditions as regards an increase or diminution of safety. The hazards arising thus are regarded as being ordinary dangers and risks of the employment which are assumed by the servant when he accepts the employment. 3 Labatt on Master and servant, section 1176, p. 3140.; *Armour* v. *Hahn*, 111 U. S., 313, 4 S. Ct. 433, 28 L. Ed. 440; *Kentucky Coal Co.* v. *Nance*, 165 F. 44, 91 C. C. A. 82; *Jacques* v. *Miami Ice Co.*, 73 Fla. 1193, 75 So. 788; *Lumber Co.* v. *Miles*, 135 Miss. 146, 99 So. 759; *Cumberland Telephone Co.* v. *Cosnahan*, 105 Miss. 615, 62 So. 824. In *Kentucky Coal Co.* v. *Nance, supra,* the court said:

"Manifestly, this duty of providing a safe place is dependent upon the character of the work to be done there. Hence, when that work is one of construction, reconstruction, destruction, or repair, the risks which are incident to such places and kinds of work are assumed by the servants there employed."

In *Cumberland Telephone Co.* v. *Cosnahan,. supra,* the same principle was declared in substantially the same language. In *Lumber Co.* v. *Miles, supra,* the plaintiff, a member of defendant railroad section crew, was engaged

in repairing defendant's track. They were going to a certain part of the track to begin their repairs. They were to repair the whole of the track (a short logging road). In going to the place on a hand car where they were to begin repairs, the plaintiff was injured by the derailment of the car, caused by a defect in the track. The evidence showed that this defective piece of track was in its turn to be repaired by the crew of which plaintiff was a member. The point was made that the principle invoked, by appellant here did not apply in that case, because the plaintiff was not engaged at the time of his injury in repairing the identical defective piece of track which caused his injury. Our court said, in response to that contention:

"We cannot give our assent to that view. Such a principle in the first place would be very difficult of application to many cases which might arise. The track which appellee was employed to repair is to be treated as an entirety, although only parts of it may have been defective. The evidence shows, however, that it was defective as a whole, and appellee was employed to repair such defects, and we hold that appellee cannot recover for the injury received on account of such defects, regardless of whether he was at the time engaged in mending that particular section of the track which caused the injury or not. *Such defects are simply one of the assumed hazards of the employment.*"

The Federal Employers' Act abolished as a defense the assumption of risk only where there is a violation of some statute enacted for the safety of the employees. In all other cases the doctrine is retained in full force. *Jacobs* v. *Southern R. Co.*, 241 U. S. 229, 36 S. Ct. 588, 60 L. Ed. 970.

Appellee contends further that he was injured through the fault of a fellow servant in not properly placing the piece of decking which caused the injury, for which negligence appellant is liable. That position cannot be maintained, because in constructing or repairing a place for

the servant to work the master acts and not the fellow
servant.   Where the reasonably safe place to work doc-
trine applies, the fellow-servant doctrine has no appli-
cation, because of the rule that the duty of the master
in that respect is nondelegable.   The master furnishes the
place and not the servant who constructs or repairs the
place.

And furthermore, if the doctrine of a reasonably safe
place to work applies, appellee, to make out his case, was
required to show that appellant had either actual or con-
structive notice of the unsafe place which caused appel-
lee's injury.   There is a total absence of any testimony
tending to show such notice on the part of appellant.   It
follows from these views that the trial court should have
directed a verdict in favor of the appellant.

*Reversed, and judgment here.*