HARPER *v.* PUBLIC SERVICE CORPORATION OF MISSISSIPPI.

(Division B. April 16, 1934.)

[154 So. 266. No. 31045.]

**Jesse M. Byrd,** of Leakesville, and **Currie & Currie,** of Hattiesburg, for appellant.

Heidelberg & Roberts, of Hattiesburg, for appellee.

**Griffith, J.,** delivered the opinion of the court.

The appellant and two or three other workmen were testing and repairing a gas pipe. Appellant, a laborer, was working at one end of the pipe, and the foreman at the other end, the latter end being attached to the gas main. While appellant's head was near the opening of his end of the pipe, the foreman, working at the other end, negligently turned the valve lever or wrench at his end which caused the gas to flow with great force through the pipe and to discharge injurious foreign substances into the face and eyes of appellant. The approximate cause of the injury was the negligent act of the foreman in turning the lever or wrench at his end of the line, when he knew or ought to have known that appellant at the other end was probably not expecting this to be done at that time. The parties were only a short distance from each other; each was in the unobstructed view of the other; each could see what the other was doing. If therefore, the negligent act done by the foreman had been done by an ordinary laborer, there would clearly be no liability, as to the master, under the fellow-servant rule. The question is whether the fact that the negligent act was that of the foreman is sufficient to carry liability against the master.

In many states the doctrine of dual capacity has been entirely rejected, this upon the reasoning that, since the master would be liable had the foreman or superior agent expressly directed a servant under his control to do the particular negligent act which proximately resulted in an injury to another servant, there is no substantial distinction when the foreman himself does the negligent act, executing himself his own direction. The strength of this reasoning is not to be denied, and it is even more apparent that the practical administration of the law under that rule would be far easier and simpler than under the doctrine of dual capacity; but, since the decision and opinion in Lagrone v. Mobile & O. R. Co., 67 Miss. 592, 7 So. 432, our state has been consistently aligned with those which hold to the latter doctrine, which is that the master is liable only for those acts of the foreman or superior agent which are official or managerial acts, those done by him in the actual exercise of his supervisory authority, and not for those which pertain to the duties or labor of a workman, those done by him when engaged then and there in the manual or operative work of a laborer, having reference at this point, of course, to those acts of labor or fellow service which belong to the details of the work and not to those duties which are nondelegable by the master. Many illustrations of the doctrine to which this state is committed are found in the notes, 4 Labatt, Master & Servant (2 Ed.), pp. 4314-4316; and, among our own cases, see The Lagrone Case, supra; Hercules Powder Co. v. Hammack, 145 Miss. 304, 110 So. 676; Gwin v. Carter, 158 Miss. 196, 129 So. 597; Barron Motor Co. v. Bass (Miss.), 150 So. 202.

Since the negligent act which was the proximate cause of the injury was an act of the foreman done then and there as a workman or fellow laborer, and not in the actual exercise of his official authority as foreman, it was

obligatory upon the trial judge, under the settled rule in this state, to grant the peremptory charge, which he did.

Affirmed.