843

**CAREY REED CO. v. McDAVID.**

No. 9852.

Circuit Court of Appeals, Fifth Circuit.

June 16, 1941.

Wade H. Creekmore, of Jackson, Miss., for appellant.

Marion Wesley Reily, of Meridian, Miss., and George T. Mitchell, of Tupelo, Miss., for appellee.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

The suit was for damages for personal injuries. The claim was that while plaintiff was working in a railroad car shoveling gravel, to be unloaded therefrom by a motor power driven shovel or dipper, the dipper was dropped upon and injured him, as a result of the negligence of defendant in failing to warn him. The defenses pleaded were: a denial; that plaintiff's own negligence was the sole proximate cause of the accident; that plaintiff had assumed the risk; and that if plaintiff was injured because of negligence, this negligence was that of a fellow servant. There was a trial to a jury and a verdict for plaintiff on evidence tending to show; that plaintiff while working in the car as pleaded, was seriously injured by the swinging of the dipper into the car and onto him; that one Ernest Brooks, was charged with the duty of looking out for the moving dipper and warning plaintiff with regard to it; that plaintiff could not do his work and look out for the dipper and he relied on Brook's warning. While there were other issues put forward, the case at last came down, on the facts, to whether plaintiff's injuries were the result of the failure of the spotter to warn him, and, on the law, to whether this failure was the negligence of a fellow servant for which defendant was not liable, or was the negligence of the defendant in the performance of a nondelegable duty.

On cross examination, by defendant, plaintiff gave this testimony: "Q. In other words, David, if Ernest, the spotter had done what he should have done, you would not have gotten hurt? A. If

I had been notified or saw it I would not have.

"Q. If Ernest, the Spotter, had said: Look out, you would not have gotten hurt? A. No, sir.

"Q. And the whole trouble is that Ernest fell down on his job? A. Yes, sir."

On cross examination these questions were asked and these answers given by the Spotter. "Q. Ernest, the train was passing? A. Yes, sir.

"Q. And you will look at her when she passes? A. Yes, sir.

"Q. And that is what you were doing when this accident happened? A. Yes, sir.

"Q. Now Ernest, you were a spotter there? A. Yes, sir.

"Q. And your job in spotting among other things required you to do this, when you wanted the gravel to be moved from the center of the box car you would point out to Mr. George the spot and he would drop the dipper? A. Yes, sir.

"Q. That was one of your jobs? A. Yes, sir.

"Q. You were there on your job that day and a train happened to pass? A. Yes, sir.

"Q. And you were looking at the train? A. Yes, sir.

"Q. And Mr. George dropped the dipper over here and hit the man? A. Yes, sir.

"Q. When you looked back the man had been hit? A. Yes, sir.

"Q. And when you saw that dipper coming over you always warned him? A. Yes, sir.

"Q. And he would get out of the way? A. Yes, sir.

"Q. And if you had not been looking at this train, you would have seen it this day? A. Yes, sir."

The record shows that there were no objections to the charge nor to any requested instructions, except as follows: "Mr. Hiram Creekmore for defendant: We except to the only one instruction we gave, your Honor, to which we do except, but ask for no additional instructions." The court: "Miss Rogers, the instructions to which Mr. Creekmore has reference to were instructions for a directed verdict." The request is not in the record and its stated grounds do not therefore appear.

Defendant is here assigning as its sole error that its motion to direct a verdict was overruled. Appellee has not invoked against appellant, Rule 50, Federal Rules of Procedure, 28 U.S.C.A. following section 723c, that the motion did not specifically state its grounds and since it is not disputed here that the ground was that the negligence was that of a fellow servant, we will consider the appeal as though this was the stated ground of the motion. Appellant urges upon us, that in Mississippi, the rule that an employer is not responsible to his employee for the negligence of a fellow servant applies in full and unabated vigor. It insists that, assuming as we must, upon the verdict of the jury and the evidence of record, that the jury found that plaintiff's injuries were caused by the negligence of the spotter, in failing to warn him of the approach of the dipper, the judgment must be reversed, because such negligence was that of a fellow servant, and defendant, under the laws of Mississippi, was not responsible for it.

Appellee on its part, not at all disputing appellant's position that the fellow servant rule obtains in Mississippi, and that an employer is not liable for negligence of a fellow servant as such, presses upon us that here is no case of the negligence of a fellow servant, for which the employer is not responsible. The case is one, he insists, of the negligence of one who, though in regard to other duties he is a fellow servant, stands, in regard to the particular duty in question, that of warning, in the shoes of the employer, to perform his non-delegable duty of providing a safe place to work. He points out that the nature of his duties, requiring him to work in the car, while the heavy shovel or dipper was traveling into and out of it, in such position that he could not see the dipper until it was upon him, made it essential that he should be advised and warned of its approach. He insists that not only is it the law generally, that a duty to warn such as that imposed upon and assumed by the employer, in this case, may not be delegated and not only has the Supreme Court of Mississippi uniformly so held, but in a recent and controlling case, Albert v. Doullut & Ewin, 180 Miss. 626, 178 So. 312, it has made this crystal clear.

We agree with appellee. Appellant's contention that the fellow servant rule applies here to defeat recovery, will

not do, for here the cause which injured appellee was not the failure of a fellow servant, working with him, to properly perform some part of his work as a fellow servant. Here the negligence was that of the employer who, charged in law with, and having assumed to perform, a non-delegable duty by delegating it, must be regarded as present in the person of the one to whom the job was delegated, the negligence of that one, his negligence. In Harper v. Public Service Corp. of Mississippi, 170 Miss. 39, 154 So. 266, cited by appellant, it is said: "Our state has been consistently aligned with those which hold * * * that the master is liable only for those acts of the foreman or superior agent which are official or managerial acts, * * * and not for those which pertain to the duties or labor of a workman, those done by him when engaged then and there in the manual or operative work of a laborer, having reference at this point, of course, to those acts of *labor or fellow service which belong to the details of the work and not to those duties which are nondelegable by the master."* (Emphasis supplied.) None of the cases appellant cites are cases like this one, of the failure of a servant to perform a non-delegable duty.

So much of defendant's brief, as is devoted to the proposition that the work was simple, its danger manifest, and there was no duty on the part of defendant to warn the plaintiff, must be rejected as not in accordance with the facts and controlling law. For it would be difficult to imagine a case where a warning was more necessary than here, where the nature of the work required the work to go on, with the moving bucket coming into and out of the car, while the plaintiff was working in the car assembling materials for the bucket, and unable to see it until it was upon him. None of the cases defendant cites as holding that there was no duty to warn are like this. Simple indeed the work was here. But it was simple only because of arrangements made to perform it simply, an operator at the dipper, men working in the car; and someone to warn them of the dipper's coming and going.

Nor is defendant on firmer ground in its other approach, that because of the changing conditions inherent in the work, the rule, requiring defendant to furnish a safe place, does not apply here. This is not at all a case where the nature and condition of the place of work changes during its progress. The nature and condition of the work here remain constant. There are, it is true, different steps in the work. But the work is one and unchanging and provision for warning so that it may be safely done, was essential to it as a whole. The duty to make provision for giving warning was recognized and provision was made. But making provision for warning was not enough. The duty to warn was nondelegable. The obligation to be diligent about it was continuous. The negligence in discharging it was the negligence of the employer.

We find no reversible error in the record. The judgment is affirmed.