THOMPSON *v.* THOMAS.

Jan. 11, 1954

No. 39046 48 Adv. S. 16 69 So. 2d 238

*Kermit R. Cofer, John P. Horan,* Water Valley, for appellant.

554

*Murray L. Williams,* Water Valley, for appellee.

LEE, J.

This was a suit in the circuit court by Dudley Thomas against James F. Thompson to recover damages for personal injuries proximately resulting from the wreck of an automobile. He obtained a verdict for $3,000; and from the judgment entered thereon, Thompson appealed.

Thomas worked on a commission basis for Thompson, who operated a photograph studio business in the Town of Water Valley. R. D. McGregor and Price Rushing, with Thomas as leader, composed a crew which solicited orders for pictures. Thompson furnished the automobile, a 1949 model Ford, which was used for transportation. On October 10, 1952, the men were returning from Lambert to Water Valley. Thomas was on the back seat, sick, and for that reason, McGregor was driving. As the automobile, at a speed of about 25 miles an hour, approached a bridge, it was meeting a truck from the opposite direction. When the truck did not dim its lights, but came onto the bridge, which was about 18 feet wide, McGregor pulled to the right, applied the brakes, and ran off the road and into the creek below. When he applied the brakes the car "jerked me off the bridge." Later,

on cross-examination, when he was testifying about the failure of the truck to dim its lights, and when he was asked if that was the cause of the wreck, he answered that it was.

The plaintiff's case, insofar as the manner in which the wreck occurred, rested solely on the evidence of Mc-Gregor, as Thomas was asleep at the time, and Price Rushing did not testify. The injuries consisted of three broken ribs, a fractured jaw, several lacerations, and numerous bruises. The hospital and medical expenses amounted to about $200.

Two witnesses for the defendant, in a car behind the truck, saw the lights of the automobile disappear, made an investigation, and found the wrecked car and the men in the creek; but they, of course, could not say definitely whether the automobile merely ran off the road, or whether its defective condition caused it to do so, when the brakes were applied.

The proof by the plaintiff himself and several other witnesses showed that the automobile had been driven over 100,000 miles and was in a bad state of repair; that the front part was out of line, and it pulled to the right; that Thomas complained to the defendant after both his first and second weeks' work about the unsafe condition of the automobile; that defendant then took it to be repaired, in the meantime providing Thomas with another; and the next week, assured him that it had been fixed. While some repairs had been made, no work was done on the front end, the part complained about. This was confirmed by the mechanic. On the contrary, the automobile continued to pull to the right. The testimony of the defendant himself was in substantial conflict with the evidence for the plaintiff as to the condition of the automobile.

Consequently, an issue was made for the jury's determination, namely, whether or not at the time of the wreck, the automobile was in a dangerous condition, and whether

or not the defendant knew, or ought to have known, that it was in such condition.

The testimony of McGregor made an issue for the jury as to whether or not the unsafe condition of the automobile proximately caused or contributed to the wreck. Since Thompson furnished the automobile in question, he was under the duty to use reasonable care to provide a reasonably safe one. Curry and Turner Construction Company, Inc. v. Bryan, 184 Miss. 44, 185 So. 256, and authorities there cited. Texas Company v. Jackson, 174 Miss. 737, 165 So. 546, is quite analogous. See also Texas Company v. Mills, 171 Miss. 231, 156 So. 866.

But appellant contends that the wreck was due (1) to the negligence of McGregor, a fellow servant of Thomas, or (2) to the negligence of the driver of the truck in failing to dim his lights and in driving onto the bridge, or (3) a combination of both (1) and (2), and (4) that the condition of the automobile was not the proximate cause.

Where the duty to use reasonable care to furnish a reasonably safe instrumentality applies, the fellow servant rule has no application, because such duty is non-delegable. G. M. & N. R. R. Co. v. Brown, 143 Miss. 890, 108 So. 503, 504. In other words, "If the negligence of the master * * * mingles with that one who stood in the relation of a fellow servant to the servant receiving the injury; and if the negligence of the master, * * * was a proximate or efficient cause of the injury—the master will be liable and will not be allowed to escape liability on the ground that the injury also proceeded from the negligence of one for whose conduct he was not answerable. A different statement of the doctrine is to say that, in order to relieve the master from liability for an injury to one of his servants the negligence of a fellow servant must have been the sole cause of the injury, and not commingled or combined with the negligence of the master or his representative." Thompson on Negligence, paragraphs 4856, 4863. Scott-Burr Stores Corp. v. Mor-

row, 182 Miss. 743, 180 So. 741; Adams v. Hicks, 178 So. 484; Ross v. Louisville & N. R. R. Co., 178 Miss. 69, 172 So. 752; Masonite Corp. v. Lochridge, 163 Miss. 364, 140 So. 223, 141 So. 758.

 The import of McGregor's testimony was that the truck did not dim its lights and was approaching in the center of the bridge. In such circumstances, he purposed to stop, and, for that purpose, applied his brakes. ''That is when it jerked me off the bridge.'' In other words, the condition of the car caused the wreck. Even though he later said that the failure of the oncoming truck to dim its lights was the cause of the wreck, that statement was at variance with his previous explanation of the cause thereof, and was largely a conclusion. However, even if these statements are conflicting, they still were for the jury's determination. F. W. Woolworth Co. v. Freeman, 193 Miss. 838, 11 So. 2d 447.

The defendant obtained an instruction to the effect that if the blinding lights of the truck were the sole cause of the wreck, and not the condition of the automobile, the jury should find for him. From the verdict, it appears that the jury declined to attribute the cause of the wreck to the negligence of the driver of the truck.

The instructions laid down the legal principles which were applicable to the case. Plaintiff's criticized instruction number two was not erroneous. The verdict was not contrary to the weight of the evidence.

Consequently, it follows that this cause should be, and is, affirmed.

Affirmed.

*Roberds, P. J.,* and *Kyle, Holmes* and *Ethridge, JJ.,* concur.