JONES, Justice:
Appellant sued appellee in the Circuit Court of Warren County in an action of tort for personal injuries. The lower court sustained a motion for a peremptory instruction on the ground that appellant was injured as a result of the action of a fellow-servant. On this appeal, we affirm the case.
Appellant was an employee of appellee. At the time of the injuries alleged, appellant was in a motor boat in a canal near the City of Vicksburg for the purpose of determining the defects in an outboard motor, which it was his purpose to repair. Appellant was an outboard motor mechanic. The motor was the property of a customer. One Franklin was driving the boat. It was alleged that Franklin was negligent and careless in rapidly advancing the throttle before appellant had reached the back of the boat where he was to sit and work on the motor and as a result of such advancing of the throttle the boat was caused to violently and forcibly lurch forward, and thereby appellant was thrown against the motor and stern end of the boat causing disabling injuries.
Appellee was a corporation owned by one Sims and his wife. Sims was the president and active head of the company. Part of its business, at least, was the repair of marine motors.
Appellant was an experienced motor mechanic and on the day in question Mr. Sims directed him and Franklin to take the said motor and a boat and to test the motor on the Yazoo Canal; Mr. Sims directed Franklin to drive the boat and appellant to test the motor. Appellant testified as follows:
“Mr. Sims told Mr. Franklin and myself to take the motor and boat to the lake —to the river and check it out, for Johnny *210 to drive the boat while I checked the carburetor and ignition on it.”
It was while they were carrying out the instructions of Mr. Sims that the accident happened.
As to how it occurred, appellant testified they took the boat to the canal; Johnny Franklin backed the trailer into the water at the waterfront. Appellant got into the boat and backed it off the trailer. That Franklin got on the front of the boat, climbing over the windshield into the boat, and appellant backed the boat out and straightened it up. He said he got out of the seat and gave Johnny the wheel. As he turned to go back to the stern' — where the motor was — Franklin threw the motor wide open and the boat jumped forward. Appellant went backwards against the motor and parts of the boat.
Franklin was not a motor mechanic. Appellant testified Johnny Franklin was a salesman; that he took in motors and instructed the mechanics which motors should be repaired. In fact, he seemed to have been going to college and did not work at appellee’s place at all times. Appellant testified that Johnny Franklin was supposed to be in college at that time; that he worked on Saturdays, but not every afternoon. That during the summertime he did work regularly.
Appellant testified Franklin would go out and pick up boats at different places; go out with new trailers and new boats and bring them into the shop with the truck. He delivered boats; carried them to the river to be tested; drove a truck to the river for the boats to be tested, and drove it back; and in this instance he operated the boat while the mechanic worked on the motor. He was asked what the duties of Franklin were in the absence of Mr. and Mrs. Sims, and the answer was that Johnny Franklin ran the place when Mr. and Mrs. Sims were not there.
However, at the time involved in this suit, Mr. Sims actually was present and instructed both Franklin and appellant what to do. Appellant was hired by Sims; appellant’s agreement as to salary was made by Mr. Sims; Mrs. Sims actually paid off.
It is clear that both Franklin and appellant were engaged in the same work — that is — testing the motor. They were in plain sight of and near each other. Franklin was at the head of the boat to steer it, and appellant was to be at the rear of the boat to test the motor. As heretofore stated, they were both acting on the orders of the president of the company who was present to give them their orders.
The fellow-servant doctrine has only been abolished in Mississippi as to railroads etc. (Mississippi Code of 1942 Annotated section 7806) and as to those covered by the Workmen’s Compensation Act when the employer fails to secure payment of compensation (Mississippi Code of 1942 Annotated section 6998-05). Neither of these statutes exclude the defense of fellow-servant doctrine in this particular instance.
Even conceding for the sake of argument that Johnny Franklin might at some times have supervisory power, that is not sufficient to establish liability here. As was stated in Harper v. Public Service Corporation of Mississippi, 170 Miss. 39, 154 So. 266 (1934), the doctrine of dual capacity is recognized in this State, and, under that, the master is liable only for those acts of the foreman or superior agent which are official managerial acts- — those done by him in the actual exercise of his supervisory authority, and not for those which pertain to the duties of a workman.
 The master is not liable for acts done by the superior agent when engaged in the manual or operative work of a laborer — those acts of labor or fellow-service which belong to the details of the work and not to those duties which are non-dele-gable by the master. In this case, the act of Franklin was as a workman of fellow-servant and not in the exercise of supervisory or other official authority as fore *211 man. We quote again from the case of Harper v. Public Service Corporation of Mississippi, supra, as follows, to show how similar the facts in that case were to the present case:
“The appellant and two or three other workmen were testing and repairing a gas pipe. Appellant, a laborer, was working at one end of the pipe, and the foreman at the other end, the latter end being attached to the gas main. While appellant’s head was near the opening of his end of the pipe, the foreman, working at the other end, negligently turned the valve lever or wrench at his end which caused the gas to flow with great force through the pipe and to discharge injurious foreign substances into the face and eyes of appellant. The proximate cause of the injury was the negligent act of the foreman in turning the lever or wrench at his end of the line, when he knew or ought to have known that appellant at the other end was probably not expecting this to be done at that time. The parties were only a short distance from each other; each was in the unobstructed view of the other; each could see what the other was doing. If therefore, the negligent act done by the foreman had been done by an ordinary laborer, there would clearly be no liability, as to the master, under the fellow-servant rule. The question is whether the fact that the negligent act was that of the foreman is sufficient to carry liability against the master.” 170 Miss, at 42, 154 So. at 266.
******
“Since the negligent act which was the proximate cause of the injury was an act of the foreman done then and there as a workman or fellow laborer, and not in the actual exercise of his official authority as foreman, it was obligatory upon the trial judge, under the settled rule in this state, to grant the peremptory charge, which he did.” 170 Miss, at 43-44, 154 So. at 267.
See also Buckley v. United Gas Pub. Serv. Co., 176 Miss. 282, 168 So. 462 (1936).
We think the lower court was correct in sustaining the motion for a peremptory instruction, and the case is affirmed.
Affirmed.
GILLESPIE, P. J., and RODGERS, BRADY, and SMITH, JJ., concur.