288 So.2d 13 (1974)
Ray TRIBBLE
v.
Nina GREGORY.
No. 47337.
Supreme Court of Mississippi.
January 7, 1974.
*14 Bell & McBee, Greenwood, for appellant.
Fraiser & Burgoon, Greenwood, for appellee.
SUGG Justice:
Nina Gregory, plaintiff, filed suit against Ray Tribble and Charlie Ed Brunson, defendants, under Miss. Code Ann. § 93-3-1 (1972) for loss of consortium because of negligent injury to her husband, E.L. Gregory. The trial court granted plaintiff a peremptory instruction against both defendants on the question of liability, and the jury awarded plaintiff damages in the amount of $20,000 for loss of consortium.
Brunson, who was the son-in-law of plaintiff and Gregory, did not appeal, but Tribble appealed from the judgment. The issues presented by this appeal are: (1) Was Tribble entitled to a directed verdict under the doctrine of dual capacity? (2) Was plaintiff entitled to a peremptory instruction on the question of Tribble's liability? (3) What are the elements of damage for loss of consortium in a suit by a wife where her husband was injured? (4) Was the verdict of the jury so excessive as to evince bias and prejudice on the part of the jury?
Plaintiff's husband was employed by Tribble as a tractor driver. Brunson was employed by Tribble as general farm manager with supervisory control of the farm operation. On the morning of April 15, 1970, at approximately 5:30 a.m., Gregory attempted to start a 4020 John Deere tractor at the direction of Brunson. The tractor was powered with a diesel engine but the engine would not start in the normal way. When the engine failed to start, Brunson told Gregory to get down off the tractor. He gave Gregory a screwdriver *15 and instructed him to connect (or "short") the ignition switch directly to the starter by using the screwdriver. Gregory did not know where to place the screwdriver in order to connect the ignition switch directly to the starter, but was told by Brunson how to perform the operation. In order to carry out the directions of the farm manager, Gregory, had to position himself by the side of the engine between the front and rear wheels of the tractor. Brunson poured ether into the breather cap of the tractor while Gregory simultaneously "shorted" the starter. The engine started suddenly with the gears engaged so that the tractor moved forward, ran over Gregory, and severely injured him.
Both defendants admitted that the tractor had a defective safety switch on the clutch. Tribble bought a new safety switch a day or two before the accident and instructed Brunson to install it, but Brunson had not made the repair at the time the accident occurred. If the safety switch on the clutch of the tractor in use is operative, the tractor engine will start only when the gear shift lever is in park or neutral. This prevents the engine from starting while either the forward or reverse gears are engaged, and therefore prevents a sudden movement of the tractor when the engine starts. When the ignition switch is connected (or "shorted") directly to the starter, the clutch safety switch is bypassed thus allowing the engine to start in gear. Gregory did not know that this procedure would permit the tractor engine to start while in gear.
Defendant Tribble contends that the lower court should have sustained his motion for a directed verdict at the end of the plaintiff's case for the reason that the doctrine of dual capacity applies. The doctrine of dual capacity was considered by this Court in Strange v. Mercury Marine Inc., 194 So.2d 208 (Miss. 1967) where the Court stated:
[T]he master is liable only for those acts of the foreman or superior agent which are official managerial acts  those done by him in the actual exercise of his supervisory authority, and not for those which pertain to the duties of a workman.
The master is not liable for acts done by the superior agent when engaged in the manual or operative work of a laborer  those acts of labor or fellow-service which belong to the details of the work and not to those duties which are non-delegable by the master... . (194 So.2d at 210).
See also, Buckley v. United Gas Public Service Company, 176 Miss. 282, 168 So. 462 (1936) and Harper v. Public Service Corporation of Mississippi, 170 Miss. 39, 154 So. 266 (1934).
However, a master is under a duty to provide his servants with safe instrumentalities with which to do their work, and this duty is non-delegable. Texas Co. v. Mills, 171 Miss. 231, 156 So. 866 (1934). See also, 53 Am.Jur.2d, Master and Servant, § 320. In Thompson v. Thomas, 219 Miss. 552, 69 So.2d 238 (1954) we said:
Where the duty to use reasonable care to furnish a reasonably safe instrumentality applies, the fellow servant rule has no application, because such duty is non-delegable. G.M. & N.R.R. Co. v. Brown, 143 Miss. 890, 108 So. 503, 504. In other words, "If the negligence of the master * * * mingles with that one who stood in the relation of a fellow servant to the servant receiving the injury; and if the negligence of the master, * * * was a proximate or efficient cause of the injury  the master will be liable and will not be allowed to escape liability on the ground that the injury also proceeded from the negligence of one for whose conduct he was not answerable. A different statement of the doctrine is to say that, in order to relieve the master from liability for an injury to one of his servants the negligence of a fellow servant must have *16 been the sole cause of the injury, and not commingled or combined with the negligence of the master or his representative." Thompson on Negligence, paragraphs 4856, 4863... . (219 Miss. at 557, 69 So.2d at 240).
We hold that the doctrine of dual capacity does not apply in the case at bar because defendant Tribble was under a non-delegable duty to provide Gregory with a reasonably safe instrumentality. Tribble knowingly failed in this duty when he furnished a tractor with a defective safety switch on the clutch. He cannot escape liability for his negligence by showing that he had purchased a new switch and instructed his farm manager to install it.
Tribble also contends that the proximate cause of the accident was the act of Brunson pouring ether in the breather cap of the tractor causing it to start suddenly and surge forward. Ether is used as an aid in starting diesel engines in cool weather, but did not cause the tractor to move forward. The tractor moved because the forward gear was engaged and the safety switch on the clutch was bypassed. Brunson was negligent when he instructed Gregory to position himself in a position of peril and did not warn him of the effect of bypassing the starter safety switch. Tribble cannot escape liability for this negligence of his farm manager under the dual capacity doctrine because this was not the act of a fellow servant under the facts of this case, but an act done by Brunson in the actual exercise of his supervisory authority. Brunson's duties included the proper maintenance of the farm equipment of his master, and the acts he required of Gregory were within his authority as farm manager.
We therefore hold that Tribble was not entitled to a directed verdict under the doctrine of dual capacity, and further that the trial court properly granted a peremptory instruction on the liability of Tribble.
Having determined that the trial court acted properly on the issue of the defendant's liability, we turn to a discussion of the proper elements of damage to a wife for loss of consortium for negligent injury to her husband by a third party.
For many years Mississippi held to the majority rule that a wife did not have a cause of action for loss of consortium caused through negligent injury of her husband by a third party. Nash v. Mobile & O.R. Co., 149 Miss. 823, 116 So. 100 (1928); Simpson v. Poindexter, 241 Miss. 854, 133 So.2d 286 (1961), suggestion of error overruled 241 Miss. 862, 134 So.2d 445. A husband, however, did have such a cause of action with respect to negligent injuries to his wife. Brahan v. Meridian Light & Ry. Co., 121 Miss. 269, 83 So. 467 (1919); Palmer v. Clarksdale Hospital, 213 Miss. 611, 57 So.2d 476 (1952). In 1968 Miss. Code Ann. § 93-3-1 (1972) was amended authorizing an action by a wife for loss of consortium because of negligent injuries to her husband, by adding the following sentence:
A married woman shall have a cause of action for loss of consortium through negligent injury of her husband.
This is the first case to be decided by this Court under the amendment; therefore, it is necessary to define the scope and limitation of damages recoverable in an action under the statute.
The interest sought to be protected is personal to the wife and arises out of the marriage relation. She is entitled to society, companionship, love, affection, aid, services, support, sexual relations and the comfort of her husband as special rights and duties growing out of the marriage covenant. To these may be added the right to live together in the same house, to eat at the same table, and to participate together in the activities, duties and responsibilities necessary to make a home. All of these are included in the broad term, "conjugal rights". The loss of consortium is the loss of any or all of these rights, but damages recoverable by a wife in an action for loss of consortium under the statute *17 must be limited to avoid double recovery for the same damages by both husband and wife as hereinafter discussed. See 41 C.J.S. Husband and Wife, § 11; Smith v. Tri-State Culvert Manufacturing Company, 126 Ga. App. 508, 191 S.E.2d 92 (1972); Troue v. Marker, 253 Ind. 284, 252 N.E.2d 800 (1969); Millington v. Southeastern Elevator Company, 22 N.Y.2d 498, 293 N.Y.S.2d 305, 239 N.E.2d 897 (1968); Dini v. Naiditch, 20 Ill.2d 406, 170 N.E.2d 881, 86 A.L.R.2d 1184 (1960).
Consortium does not consist alone of intangible mental and emotional elements, but may include services performed by the husband for the wife which have a monetary value. As stated in Troue, supra:
In our opinion, consortium does not consist alone of intangible mental and emotional elements, but embraces within its ambit also services and charges which one partner in the marriage performs for the other and have a monetary and pecuniary value. We take one instance to point this out. The allegation in the complaint specifies that the husband took his wife to places she desired to go. It takes no unusual assumption to conclude that if he was unable to take her, she would have to hire transportation or use her own means of conveyance at her own expense. This is a monetary loss... . (252 N.E.2d at 805).
Courts which have allowed recovery to a wife for loss of consortium have been concerned about the risk and possibility of double recovery against a third party. This problem was solved by the Supreme Court of Kentucky in a logical manner in Kotsiris v. Ling, 451 S.W.2d 411 (Ky. 1970) where the Court stated:
First, the cause does not include any right of recovery for loss of financial support by the husband. That is because the source of the wife's right to support is the husband's earning capacity, for impairment of which he is entitled to recover. Second, the cause does not include any right of recovery for nursing services rendered or to be rendered to the husband by the wife. The reason for this is that according to the general rule (which we hereby adopt) the husband is entitled to recover from the tort-feasor for the value of nursing services even though the services are rendered or to be rendered by the wife. See 22 Am.Jur.2d, Damages, sec. 207, p. 289; Annotation, 90 A.L.R.2d 1330. If the tort-feasor is required to pay to the husband the cost of obtaining the services, obviously the wife cannot also recover from the tortfeasor for rendering the services. We find support for our view in this regard in Hoekstra v. Helgeland, 78 S.D. 82, 98 N.W.2d 669, and we hold, as does South Dakota, that the wife's right of recovery is limited to loss of society, companionship, conjugal affections, and physical assistance. It should be kept in mind always that the wife's recovery is for losses suffered by her. (451 S.W.2d at 412).
We limit the recovery allowable under the statute so as to eliminate recovery by the wife for loss of financial support by the husband, recovery for nursing services and recovery for pain and suffering of the husband because these are items that he may recover in a suit by him.
This effectively precludes the risk or possibility of double recovery by the wife from a third party. By way of summary we hold that the wife's right of recovery is limited to loss of society and companionship, conjugal rights and physical assistance of the husband. The proof in each case will determine the elements of damages to be submitted to the jury for its consideration.
Plaintiff testified to the following damages for loss of consortium, without objection: that she and her husband had sexual relations about once a week before his injuries, but none since then; that she was deprived of his physical assistance in the *18 usual and ordinary duties in and about the home and grounds; that they were not able to engage in activities after his injuries such as attending picture shows, church suppers, picnics and visiting friends; that her husband had a bed wetting problem; that without his assistance most of her time off from her job was spent in household duties; and, that she is more nervous since the accident because of having to stay at home and wait on her husband.
We hold that the verdict of the jury is not so large that it evinced bias and prejudice on the part of the jury.
Affirmed.
RODGERS, P.J., and PATTERSON, INZER and WALKER, JJ., concur.