John RICKS, Plaintiff,

v.

**WESTINGHOUSE ELECTRIC CORPORATION, a Foreign Corporation, Defendant.**

**No. EC 77–73–S.**

United States District Court,
N. D. Mississippi, E. D.

Dec. 4, 1979.

Michael G. Soper, Bramlett, Mounce & Soper, Tupelo, Miss., Ralph Pogue, Aberdeen, Miss., for plaintiff.

L. F. Sams, Jr., Mitchell, McNutt, Bush, Lagrone & Sams, Tupelo, Miss., for defendant.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

The court has for its consideration defendant Westinghouse Electric Corporation's Motion for Judgment Non Obstante Veredicto or, In the Alternative, for New Trial.

The court delayed consideration of the motion until the trial proceedings had been transcribed by the court reporter and the parties had submitted memoranda on the issues involved.

■ Defendant's motion brings into question the sufficiency of the evidence to support the findings of the jury. The court's review of the testimony reinforces its view at trial that the evidence creates questions of fact proper for determination by the jury. The court finds that substantial evidence was introduced at trial which supports the jury's determination of the factual issues presented by the evidence.

■ Defendant contends that the court's charge to the jury was erroneous and misleading for which reason the court should grant a new trial.

The court concludes after reviewing the charge to the whole, that it is adequate and clear and correctly states the controlling law of the case. The defendant, in the opinion of the court, was not, in any way, prejudiced by the charge.

Finally, defendant challenges the jury's award as being excessive. The jury awarded plaintiff damages in the sum of $200,000. The elements considered by the jury were limited to the loss by plaintiff, the husband, of society and companionship, conjugal rights and physical assistance of the wife. *Tribble v. Gregory*, 288 So.2d 13, 17 (Miss. 1974).

The court has the power, in fact the duty, when warranted by the circumstances, to condition the denial of a motion for a new trial upon consent to a remittitur. The problem is to determine when such an action should be taken, which must be resolved by the facts reflected by the case under consideration.

■ A trial judge is not justified in substituting his own judgment for that of the jury. The standard of the review is strict.

■ The motion sub judice is to be determined by the application of federal law. The Fifth Circuit has fixed the standard which governs the court in passing upon defendant's motion.

In *Bonura v. Sea Land Service, Inc.*, 505 F.2d 665 (5th Cir. 1974), the court speaking through Circuit Judge Gee, held:

A district judge's discretion as to remittitur is circumscribed by the Seventh Amendment: He must not substitute his judgment of damages for that of the jury. We have, therefore, held that the trial court may not require remission of a sum which would reduce the verdict below the *maximum* award which is reasonably supported by the evidence.

505 F.2d at 669.

■ Here, the question presented is whether the award exceeds the maximum amount reasonably supported by the evidence. If the testimony in the case furnishes evidence from which reasonable jurors could reasonably find that plaintiff suffered damages in the amount of the award, the verdict should not be disturbed.

The jury was warranted in finding from the evidence in the case, that plaintiff suffered a grave loss as the result of the injury received by his wife in the collision of the vehicles. At the time of the accident, Mrs. Ricks was 23 years of age and Mr. Ricks was 25 years of age. At the time of the trial in 1978, plaintiff was 29 years of age; Mrs. Ricks was 27 years old, they had been married for 8 years and one child had been born of the marriage. The evidence reflects that Mr. Ricks had a life expectancy of forty-five years; Mrs. Ricks had a life expectancy of approximately fifty-four years; and that the expected duration of their marriage was twenty-seven years.

The statistician who testified in the case, placed a present day value of $112,000.00 on the worth of Mrs. Ricks' physical services to her husband, as a wife in performing household chores for the period of the expected duration of the marriage. The evidence reflects an active married couple, with a family, engaging in and enjoying all the numerous pursuits in which such couples ordinarily engage. Mrs. Ricks' right leg was amputated above the knee, close to the pelvic area. Such an injury clearly demonstrates the serious impairment of plaintiff's consortium rights of his wife.

The jury was charged with the duty and responsibility of fixing a sum of money to compensate plaintiff for the loss he sustained. The jury fixed the award at $200,000. The court cannot order a reduction of the award, unless the court can find from the evidence that the six jurors, as reasonable individuals, could not find that the said sum was a reasonable amount to award plaintiff.

The court can not say from the evidence presented that the award is excessive when considered under the standard above mentioned. To say that the award should be reduced by $50,000.00 or $100,000.00, would be substituting the court's judgment for that of the jury. This the court cannot do.

In support of its argument, defendant cites a case recently handled by this court in the Aberdeen Division, *Alta Gary Tyson v. Belger Cartage Service and Dewey A. Nichols*, No. EC 76–53–S. The court sustained the motion of defendants to reduce the verdict of the jury in *Tyson* on August 24, 1978. There, Mrs. Tyson sued defendants for loss or impairment of the consortium of her husband due to injuries suffered by him in a collision of the family automobile with a tractor-trailer truck of defendants. The jury awarded $150,000.00. The court reduced the amount by $90,000.00 to $60,000.00. The remittitur was accepted by plaintiff and final judgment entered for that amount.

The matter of a remittitur must be decided on a case-by-case basis. In *Tyson*, the court said in an opinion which has not been published:

In this case the court should take into consideration the age of the parties. Although the record is silent as to the life expectancy of the parties, the court must realize that for older people the life expectancy of a person is not as great as it is for a younger person. In this case Mr. Tyson was seventy-one years of age at the time this accident occurred and Mrs. Tyson was sixty-five years of age. They had been married approximately nineteen years at the time of the accident.

I find that plaintiff is entitled to recover the maximum amount which I feel the jury could award for (1) the loss of society and companionship of her husband growing out of and resulting from the injuries which he received in this accident; (2) impairment of the conjugal rights that existed prior to the accident and which have been curtailed or limited by the accident, and (3) the value of the physical assistance that her husband might render in connection with the marital relationship and the society and companionship of the parties, the home life and matters of that kind.

I do not hold that the jury verdict of $150,000 resulted from the jury's bias or prejudices against the defendants, because I think the verdict in its entirety must be taken into consideration. And when so considered, the verdict does not justify such a holding.

I do hold, however, that the maximum amount which a jury of reasonable persons could reasonably have awarded plaintiff under the evidence in this case for the loss of consortium of the husband growing out of the injuries which the evidence shows he received resulting from the accident would be the sum of $60,000.

The evidence in *Tyson* did not reflect the loss by the husband of the use of any of his extremities. There, head injuries were shown and the causation was somewhat uncertain.

The *Tyson* case cannot approach the case sub judice in the seriousness of the injury involved, nor the period during which the loss is and will be experienced.

In summary, the court finds that defendant's said motion is not well taken and must be overruled.

An appropriate order is being issued by the court.